IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLA DE CERVANTES,

        Plaintiff,

v.

WEST COAST FLEET WASH,
INC., an Oregon corporation;
ROGER WHITAKER

        Defendants.

Case No. 6:13-cv-00998-AA

O R D E R

AIKEN, Chief Judge:

    Plaintiff Carla De Cervantes moves for summary judgment, pursuant to Fed. R. Civ. P. 56(e), on the breach of contract claim asserted against defendant Roger Whitaker.[1] Plaintiff's motion is denied.

    This dispute centers around a residential property in Stevenson, Washington ("Property"), which was purchased by plaintiff and defendant as a married couple at some unspecified

---

[1] Plaintiff initially filed two breach of contract claims: one against West Coast Fleet Wash, Inc. and the other against Roger Whitaker. However, on October 30, 2013, this Court granted plaintiff's motion for a default judgment against West Coast Fleet Wash, Inc. pursuant to Fed. R. Civ. P. 55; accordingly, only one claim and one defendant remain at this stage in the proceedings.

1 - ORDER

time. When they divorced in 2010, the parties executed an agreement ("Contract") detailing the financial arrangement surrounding the Property. Under the Contract, defendant agreed to pay the Property's mortgage, home insurance, and property taxes in consideration for remaining therein after the divorce.

On June 14, 2013, plaintiff filed a Complaint in this Court, alleging, in relevant part, that defendant failed to pay the Property's mortgage, insurance, and taxes after June 2011 as required by the Contract. On July 15, 2013, defendant, appearing pro se, filed an Answer, objecting to plaintiff's allegations and asserting that he made the requisite mortgage and insurance payments until he vacated the Property in December 2012 at plaintiff's request. Defendant also alleged that, at the time the parties discussed selling the Property, it was clear he would not be required to make ongoing payments under the Contract once he moved out. According to defendant, from December 2012 until July 2013, plaintiff rented the Property and, in July 2013, plaintiff sold the Property. Defendant, however, conceded that he did not pay property taxes; he nonetheless alleged that plaintiff was aware of his inability to pay such taxes and orally agreed to do so.[2]

Based on defendant's Answer, plaintiff now moves for summary judgment under Fed. R. Civ. P. 56(e)[3] on two grounds. First,

---

[2] Defendant also raises a counterclaim regarding the alleged sale of the parties' vacation home. See Answer pg. 2. Because there are no factual allegations in support, defendant's counterclaim fails to state a plausible claim for relief.

[3] Pursuant to this rule, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(a), the court may (1) give an opportunity to properly support of address the fact; (2) consider the fact undisputed for purposes of the

2 - ORDER

plaintiff argues that defendant failed to formerly deny the allegations asserted against him in the Complaint as required by Fed. R. Civ. P. 8(b). Second, even if defendant's Answer constitutes a denial, plaintiff contends summary judgement is still proper because defendant failed to put forth any admissible evidence refuting plaintiff's allegations or evincing that the Contract was modified.

The Court finds that summary judgement is inappropriate. Critically, defendant's Answer to plaintiff's Complaint adequately qualifies as a denial, especially in light of his pro se status during the relevant time-frame. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012) (pro se plaintiffs' pleadings are "held to less stringent standards" than those drafted by lawyers). Under Fed. R. Civ. P. 8, a defendant is required to admit or deny the allegations asserted against him or her by an opposing party when responding to a complaint; any failure to deny an allegation is construed as an admission. Fed. R. Civ. P. 8(b).

Here, defendant explicitly objected to the allegations underlying plaintiff's claim and offered an alternative explanation for what transpired between the parties. See Answer pg. 1

---

motion; (3) grant summary if the motion and supporting material - including the facts considered undisputed - show the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). Summary judgment is warranted under Fed. R. Civ. P. 56(a) when the evidence of record reveals that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of establishing that no genuine issue of material fact exists; once the movant has met his or her burden, the burden shifts to the nonmovant to produce evidence demonstrating a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

3 - ORDER

("[r]egarding [paragraphs] 12, 13, 14, 15[,] 16, and 17 [of plaintiff's Complaint], I object"); see also Def.'s Resp. to Mot. Summ. J. 3 (after acquiring counsel, defendant opposed plaintiff's motion because, while his "Answer to allegations 12, 13, 14, 15, 16, and 17 at worst may have been in-artfully plead, [it] clearly demonstrates a denial of the substance of the allegations alleged by plaintiff"). Liberally construing defendant's Answer, it is clear that he was not admitting and, in fact, was denying the substance of plaintiff's claim, despite the fact that he did not use precise terminology. Indeed, plaintiff implicitly acknowledges this fact. See Pl.'s Mem. in Supp. of Mot. Summ. J. 1 ("[a]lthough defendant objects to the allegations of paragraphs 12 through 17, and offers an explanation, he does not deny those allegations"). Therefore, plaintiff's motion is denied as to this issue.

Moreover, plaintiff's argument that summary judgement is warranted because "the only competent evidence before the court is the declaration of plaintiff, which established the balance due and owing [under the Contract] is $266,480," ignores the plain language on Fed. R. Civ. P. 56(e). Pl.'s Reply to Mot. Summ. J. 2. Under this rule, courts have considerable discretion. Sch. Dist. No. 1J, Multnomah Cnty., Or. v. Acand5, 5 F.3d 1255, 1261 (9th Cir. 1993); see also Fed. R. Civ. P. 56(e) ("the court may" select from a number of options, including providing "an opportunity to properly support of address the fact," where, "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(a)"). Given the significant factual gaps in the evidence and the fact that defendant only recently acquired counsel, the Court finds that

4 - ORDER

further development of the record is necessary in order to resolve this matter.[4]

Notably, although defendant did not attach any admissible evidence in the form of an affidavit or declaration, he does assert that he paid the mortgage and insurance on the Property up until he vacated it, and that the parties orally modified the Contract to waive his responsibility for any ongoing liability once he vacated the Property:

> [d]efendant admits entering into the [Contract], but alleges in his Answer that he made payments under the agreement as agreed until December 2012, when Plaintiff approached Defendant about modifying their agreement. By December 2012, Plaintiff observed a loss in property value to the extent of at least $200,000.00, and became nervous about the prospect of further losses. Plaintiff proposed selling the home even if it meant she would take a $200,000.00 loss. Rather than continuing to own a home, and stress over a mortgage loan which was solely in her name, Plaintiff agreed to bear the burden of any loss if Defendant agreed to immediately move out of the home, and allow her to sale the home. Defendant agreed, moved out of the home, and turned over the keys to Plaintiff. Plaintiff re-took possession of the home in December 2012, rented the property for some unknown period of time, and subsequently sold the property in July 2013.

Def.'s Resp. to Mot. Summ. J. 3. In sum, "[d]efendant wholly disputes owning Plaintiff any money under [the Contract]." Id.

Defendant's assertions directly contravene plaintiff's allegations and are material. See Anderson, 477 U.S. at 248 (factual disputes are material and genuine if they "properly can be resolved only by a finder of fact because they may reasonably be

---

[4] This is especially appropriate given that, while not dispositive, plaintiff has not been forthcoming concerning the relationship of the parties and the circumstances under which the disputed Contract arose; for instance, plaintiff failed to mention that the parties were married, the Property was sold, the promissory note underlying the Property is solely in her name, and that she rented the Property for profit before selling it.

5 - ORDER

resolved in favor of either party"). Therefore, resolving all reasonable doubts as to the existence of genuine issues of material fact against the moving party and viewing all inferences from the underlying facts in the light most favorable to the nonmoving party, the Court declines to exercise its discretion under Fed. R. Civ. P. 56(e).

## CONCLUSION

Plaintiff's Motion for Summary Judgement (doc. 9) is DENIED. The parties' request for oral argument are DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 11th day of December 2013.

_____
Ann Aiken
United States District Judge

6 - ORDER